1  JOHN P. GODSIL (BAR NO. 174356)
   john.godsil@ffslaw.com
2  TERRY J. KENT (BAR NO. 248098)
   terry.kent@ffslaw.com
3  FREEMAN, FREEMAN & SMILEY, LLP
   1888 Century Park East, Suite 1900
4  Los Angeles, California 90067
   Telephone: (310) 255-6100
5  Facsimile: (310) 255-6200

6  Attorneys for Defendant/Cross-Claimant
   MILLENIUM PROPERTIES, INC.

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>DONN A. SARINO; EDERLINE M. SARINO, CANDELARIA VALDEZ; ERIKA OCHOA; MARIA T. ESPARZA; LORNA MARIE NORMANDY; LAND INVESTMENTS-01, AN ENTITY OF UNKNOWN CHARACTER; MILLENIUM PROPERTIES, INC., A DELAWARE CORPORATION; DAVID SHALET LIPPMA; and ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THAT REAL PROPERTY LOCATED IN THE COUNTY OF LOS ANGELES, COMMONLY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY COULD ON PLAINTIFF'S TITLE THEREO; and DOES 1 through 10, inclusive,<br>    Defendants. | Case No.: 13-CV-04551 MWF/(MRWx)<br><br>**Assigned to the Hon. Michael W. Fitzgerald**<br>**Courtroom 1600**<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT/CROSS-CLAIMANT MILLENIUM PROPERTIES, INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TERRY J. KENT, ESQ.**<br><br>Hearing Date: July 21, 2014<br>Time:          10:00 a.m. |

MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT MILLENIUM PROPERTIES, INC.

2273754.1 24045-800

| | |
|---|---|
| 1 | |
| 2 | and related cross-actions. |
| 3 | |

TO THIS HONORABLE COURT, ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTE that, on July 21, 2014, at 10:00 a.m. in Courtroom 1600 of the United States District Court for the Central District of California, located at 312 N. Spring St., Los Angeles, California 90012, Freeman, Freeman & Smiley, LLP (hereinafter, "FFS"), counsel of record for Defendant MILLENIUM PROPERTIES, INC. (hereinafter, "Millenium") will, and hereby does, move for an order granting leave to withdraw as counsel of record for Millenium in this matter.

This application is made pursuant to Local Rule 83-2.9.2.1, and is based upon this Notice of Motion and Motion for Leave to Withdraw as Attorneys of Record, the attached Memorandum of Points and Authorities, the Declaration of Terry J. Kent, Esq. (hereinafter, "Kent Declaration"), in support thereof, all papers and documents on file herein, and any other or further evidence or argument as may be presented at or before the hearing.

Good cause exists for the order requested herein. FFS had been representing Millenium pursuant to a title insurance policy issued by Fidelity National Title Insurance Company. After first being notified of Fidelity's April 2014 decision to terminate coverage, Millenium has not made any decision to retain FFS directly or substitute its own counsel. A conflict has arisen between Millenium and FFS regarding compensation for FFS' post-termination services. Written notice of this motion has been provided to Millenium in accordance with Local Rule 83-2.9.2.1, including written notice of the consequences of Millenium's inability to appear *pro se*, as required by Local Rule 83-2.9.2.3.

///

2
MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT MILLENIUM PROPERTIES, INC.

2273754.1 24045-800

1 | Millenium's registered agent for service of process is:

2 | Millenium Properties, Inc.
attn: Corporation Service Company
3 | 2711 Centerville Rd., Suite 400
Wilmington, Delaware, 19808
4

5 | Dated: June 13, 2014                Respectfully submitted,

6 |                                     FREEMAN, FREEMAN & SMILEY, LLP
                                        JOHN P. GODSIL
7 |                                     TERRY J. KENT

8
                                        By: /s/ Terry J. Kent
9
                                        TERRY J. KENT
10                                      Attorneys for Defendant
                                        MILLENIUM PROPERTIES, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. AN ATTORNEY MAY WITHDRAW WHERE PROPER NOTICE HAS BEEN PROVIDED TO HIS OR HER CLIENTS AND A SHOWING OF GOOD CAUSE IS MADE TO THE COURT

Local Rule 83-2.9.2.1 provides: "An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action."

Local Rule 83-2.9.2.3 further provides: "An attorney requesting leave to withdraw from representation of a corporation or unincorporated association shall give written notice to the corporation or unincorporated association of the consequences of its inability to appear pro se."

Local Rule 83-2.9.2.4 states: "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."

As set forth below, and in the supporting declaration of Terry J. Kent, Esq. (hereinafter, "Kent Declaration"), each of the above requirements has been satisfied. Accordingly, good cause and the ends of justice require that leave to withdraw as counsel for Millenium be granted to FFS.

Finally, contact information for Millenium has been provided in the above Notice of Motion, so that the Court and other parties and attorneys herein know where to serve Millenium.

### II. GOOD CAUSE EXISTS FOR GRANTING LEAVE TO WITHDRAW.

As set forth in the Kent Declaration, good cause exists for granting leave to withdraw as counsel to FFS.

Good cause exists for the order requested herein. FFS had been representing Millenium pursuant to a title insurance policy issued by Fidelity National Title Insurance Company. After first being notified of Fidelity's April 2014 decision to

terminate coverage, Millenium has not made any decision to retain FFS directly or substitute its own counsel. Millenium has not exhibited any intention to enter into a retainer agreement with FFS or otherwise agree to compensate FFS, despite being asked repeatedly to inform FFS of Millenium's intentions. An irreconcilable conflict has arisen between Millenium and FFS regarding compensation for FFS' post-termination services.

A client's refusal to pay fees can provide sufficient grounds to grant a motion to withdraw as counsel of record in a case. *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992); *Statue of Liberty – Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395 (S.D.N.Y. 1986).

### III. GRANTING THIS MOTION WILL NOT CAUSE ANY SUBSTANTIAL DELAY IN THE PROSECUTION OF THE CASE TO COMPLETION.

Granting this motion will not cause any delay in the prosecution of this case to completion. Local Rule 83-2.9.2.4.

Trial in this matter has been set for September 23, 2014. A motion for summary judgment filed by plaintiff Federal Home Loan Mortgage Corporation is currently set for July 21, 2014. Millenium's opposition to the motion for summary judgment is due on June 30, 2014. With a brief continuance of the summary judgment hearing date and corresponding date for opposition, a granting of the present Motion to Withdraw would not prejudice Millenium or the other parties. With two months between the currently-set July 21, 2014 motion and the September 23, 2014 trial, there is sufficient space in which to reposition the motion for summary judgment's hearing date.

Therefore, the withdrawal of FFS from this matter should not cause any delay in the prosecution of this case to its ultimate conclusion.

///
///
///

///

## IV. WRITTEN NOTICE OF COUNSEL'S INTENTION TO SEEK LEAVE TO WITHDRAW HAS BEEN PROVIDED TO MILLENIUM AND ALL PARTIES AND ATTORNEYS IN THIS MATTER.

In compliance with Local Rule 83-2.9.2.1, written notice of FFS' intention to seek leave to withdraw has been given reasonably in advance to Millenium and to all other parties that have appeared in the action. Specifically, Millenium was provided notice of FFS's intention to request leave to withdraw by electronic mail on June 13, 2014. In addition, FFS served a copy of the present Motion upon Millenium, along with written correspondence via U.S. mail and electronic mail, on June 13, 2014. [*See* **Exhibit "A"** to Kent Declaration.]

In addition, as required by Local Rule 83-2.9.2.3, written notice has also been given to Millenium, of the consequences of its inability to appear *pro se* in this matter. Specifically, Millenium was notified through written correspondence dated June 13, 2014, and served via U.S. mail to Millenium's private counsel Joseph West and electronic mail. [*See* **Exhibit "A"** to Kent Declaration.]

A proposed order, granting leave to withdraw as counsel for Millenium, is submitted herewith.

## V. CONCLUSION

As shown above, and in the attached Kent Declaration, good cause exists for granting leave for FFS to withdraw as counsel for Millenium. Proper written notice of FFS's intention to do so has been provided to Millenium (and to all other parties and counsel in this action by electronic filing/service of this Motion), and Millenium has been provided written notice of the consequences of its inability to appear *pro se* in this matter. Accordingly, and for all of the reasons given hereinabove, FFS requests that this honorable Court grant FFS leave to withdraw as counsel of record for Millenium.

1  Dated: June 13, 2014            Respectfully submitted,
2                                  FREEMAN, FREEMAN & SMILEY, LLP
                                   JOHN P. GODSIL
3                                  TERRY J. KENT
4
5                                  By: _____
                                         TERRY J. KENT
6                                        Attorneys for Defendant
                                         MILLENIUM PROPERTIES, INC.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28